IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES BOYD                                                    PLAINTIFF

VS.                                       CIVIL NO. 3:17-cv-182(DCB)

LISA EVERETT, ET AL.                                        DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on a Report and Recommendation of Magistrate Judge Linda R. Anderson **(docket entry 29)**. This case was set for a <u>Spears</u> hearing or omnibus hearing to be held on February 15, 2018. A writ of habeas corpus ad testificandum was issued to the Warden of the East Mississippi Correctional Facility ("EMCF") for the plaintiff, James Boyd ("Boyd"), to be transported to the hearing. The Order setting the hearing was returned to the Court by the United States Post Office as undeliverable.

On January 12, 2018, a United States Deputy Marshal called to inform the Court that EMCF officials had notified him that Boyd had been released. Also on January 12, 2018, a copy of the Order setting the hearing was then mailed to the only address for Boyd in EMCF's possession (4319 Highway 12 East, Steens, Mississippi 39766).

The plaintiff failed to appear at the February 15 hearing, and did not contact the Court to request a continuance or explain his absence. The notice of hearing has not been returned by the United States Postal Service. The Court presumes that the plaintiff

received the notice but chose not to attend.

Magistrate Judge Anderson advised Boyd of his responsibility to prosecute his claims in Court Orders (docket entries 11 and 16), and he was warned that failure to advise the Court of a change of address, or failure to comply with any Order of the Court, would be deemed as purposeful delay and a contumacious act, and could result in the dismissal of his case (docket entry 11).

In addition, Boyd's failure to attend the scheduled hearing, and his failure to contact the Court after his release, has caused the defendants to incur unnecessary attorneys' fees and costs.

The plaintiff has failed to abide by the Orders of the Court, due to his failure to attend the hearing. Rule 41(b) of the Federal Rules of Civil Procedure provides:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ... operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).

Magistrate Judge Anderson points out that this Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any Order of the Court, both under Fed.R.Civ.P. 41(b) and under its inherent authority. See McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). The Court must be able to

clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. <u>Link</u>, <u>supra</u>, 370 U.S. at 630. The actions of the plaintiff also prejudice the rights of the defendants to promptly and fully defend the claims made against them.

Whether or not a plaintiff is <u>pro se</u>, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." <u>See</u> Local Rule 11(a); <u>Wade v. Farmers Ins. Group</u>, 2002 WL 1868133, at *1, n.12 (5th Cir. June 26, 2002)(on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute – even incarcerated litigants must inform the court of address changes). If the plaintiff has changed his address, and did not receive the notice of the hearing at the address he provided the Clerk, then his failure to advise the Court of that change prevents the Court from moving this case forward.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." <u>Day v.</u>

Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 2008)(quoting Anthony v. Marion County General Hospital, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in this case clearly supports such a finding. The plaintiff obviously lost interest in pursuing his lawsuit after his release from prison, although he has not formally dismissed his Complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against the defendants.

The Court agrees with the Magistrate Judge's Report and Recommendation that Boyd's action be dismissed pursuant to Fed.R.Civ.P. 41(b) without prejudice.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Linda R. Anderson's Report and Recommendation **(docket entry 29)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that plaintiff James Boyd's Complaint **(docket entry 1)** is DISMISSED WITHOUT PREJUDICE.

A Final Judgment dismissing this case without prejudice shall be entered of even date herewith.

SO ORDERED, this the 7th day of June, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE